UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES POOLIS and CARMEN POOLIS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE, N.A., a New York corporation; REMAX PROPERTIES WEST dba WEST COAST FINANCIAL, a California corporation; BANK OF AMERICA, N.A., a Delaware Corporation; COUNTRYWIDE BANK, N.A., a California Corporation and DOES 1-10, inclusive,<br><br>Defendants. | CIV-F-09-0669 AWI DLB<br><br>ORDER RE: MOTION TO DISMISS<br><br><br><br>(Docs. 17 and 25) |

**I. History**[1]

Plaintiffs Charles and Carmen Poolis are native Persian speakers and lived at 1601 Georgetown Avenue, in Turlock, CA. On October 25, 2006, Plaintiffs obtained an adjustable rate mortgage on that property from Defendant Countrywide Bank that was brokered by Defendant Remax Properties West. Plaintiffs represent that there is a threat of foreclosure on the

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

mortgage.

Plaintiffs filed suit against Defendants Countrywide and ReMax Properties West on April 14, 2009, alleging a number of causes of action related to the procedures by which the mortgage was negotiated and executed. Doc. 1.  Plaintiffs filed a first amended complaint on September 18, 2009. Doc. 14.  Defendant Bank of America (successor in interest to Countrywide) filed a motion to dismiss.  No opposition was filed.  Plaintiffs were represented by Timothy Thurman. It came to light that Mr. Thurman resigned from the California State Bar on November 2, 2009. Calls to his office were met with a recording advised existing clients to search for new counsel. The court took the motion under submission. Doc. 24.  Meanwhile, Magistrate Judge Dennis Beck issued an order to show cause why the case should not be dismissed for Plaintiffs' failure to appear at the mandatory scheduling conference. Doc. 22.  Plaintiffs, on their own behalf, filed a motion stating, "To this date I have no knowledge of what the contents and basis of this case are....I am asking the honorable Judge to postpone/halt any action taken against us by the Bank and give us more time to find out: A) what the details of such litigation [are] and what they are based on?? B) To give me enough time to consult with an attorney in the Fresno area C) If there is an eviction notice prepare my family for a move if not successful in negotiating with the bank." Doc. 25.  The court attempted to contact Plaintiffs by phone to direct them to the State Bar of California, which had taken custody of Mr. Thurman's records.  Defendant's motion to dismiss was reset for hearing on August 9, 2010. Doc. 27.  Plaintiffs again failed to file an opposition.  The matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.

3

Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

**A. Truth in Lending Act**

Plaintiffs allege that Defendants failed to comply with TILA requirements of disclosure. For damages, TILA has a one year statute of limitation: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. §1640(e).  The limitations period runs from the date of consummation of the transaction, with "consummation" defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. §226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).  The

4

mortgage was signed on October 25, 2006, which means that the statute of limitations period ran out October 26, 2007, well before Plaintiffs filed suit on April 14, 2009.

The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986).  In determining justifiable application of the equitable tolling doctrine, the court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." Federal Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).  Plaintiffs argue:

> Plaintiffs are not familiar with, or have any expertise in, mortgage transactions, and do not speak English as a first language, and were never provided any of the loan transaction documentation in their native Persian language, Plaintiffs did not and could not have reasonably discovered these violations despite due diligence. As such, this action is timely as any and all applicable statutes of limitations were equitably tolled pursuant to federal and/or state law.

Doc. 14, FAC, at 3:4-9.  Thus, Plaintiffs argue two distinct theories: lack of mortgage expertise and lack of English language skills.  Plaintiffs' position is that the limitations should be equitably tolled until an expert looked at their documents.  "Entertaining such justification would open the floodgates, allow endless TILA suits to be filed under the guise that one's lawyer 'recently discovered the nondisclosure.'" Bezverkhov v. Cal-Western Reconveyance Corp., 2009 U.S. Dist. LEXIS 115469, *9-10 (E.D. Cal. Dec. 10, 2009).  The court declines to institute a rule in which obtaining an expert becomes the touchstone upon which tolling of the statute of limitations may be granted.  The fact that a party does not speak English as a first language is not a basis for equitable tolling under TILA. See Carnero v. Wash. Mut., 2010 U.S. Dist. LEXIS 74583, *7 (N.D. Cal. July 22, 2010); but cf. Bojorquez v. Gutierrez, 2010 U.S. Dist. LEXIS 28302, *14-15 (N.D. Cal. Mar. 25, 2010) (complete inability to read the documents may be grounds for equitable tolling).  Plaintiffs have not alleged fraudulent concealment of the facts and

5

due diligence in trying to uncover those facts.  The claim for TILA monetary damages is dismissed, but Plaintiffs are granted leave to amend insofar as there are relevant facts that support application of equitable tolling.

Plaintiffs also seek rescission of the mortgage.  TILA provides for rescission in limited circumstances:

> Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. §1635(a).  "This section does not apply to - (1) a residential mortgage transaction as defined in section 103(w)." 15 U.S.C. §1635(e)."The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. §1602(x) (provision "w" redesignated "x" by 111 P.L. 203 §1100A).

Defendants argue "TILA only allows a borrower to rescind a refinance loan within three days of the closing; TILA does not provide the same rescission right to a borrower who obtains a purchase money loan. See 15 U.S.C. §1635(e)(1). In Plaintiffs' original Complaint, Plaintiffs acknowledged that they 'financed the purchase of the property' with the loan at issue (Compl. ¶11.) Therefore, Plaintiffs do not have the right to rescind their loan, nor are they entitled to any notice of a right of rescission." Doc. 17, Brief, at 7:10-16.  Plaintiff state "The transactions which are the subject of this lawsuit are subject to the right of rescission because either the loan was a non-exempt loan under TILA for purposes of rescission, or Defendants otherwise treated the transaction as rescindable by, among other things, providing Plaintiffs with TILA disclosures and/or the right to cancel." Doc. 14, FAC, at 7:11-15.  The original complaint does say, "the Plaintiffs financed the purchase of the property with a first mortgage through Defendant

6

1  COUNTRYWIDE by means of an Adjustable Rate Note, appended hereto and incorporated as
2  (Exhibit A)." Doc. 1, Complaint, at 4:24-27.
3       Mortgages for the initial purchase of a house are not subject to rescission under TILA.
4  Crittenden v. HomEq Servicing, 2009 U.S. Dist. LEXIS 95009, *10 (E.D. Cal. Sept. 28, 2009);
5  Watts v. Decision One Mortg. Co., LLC, 2009 U.S. Dist. LEXIS 54784, *8 (S.D. Cal. June 11,
6  2009); De Jesus-Serrano v. Sana Inv. Mortg. Bankers, Inc., 552 F. Supp. 2d 191, 194 (D.P.R.
7  2007). The FAC does not state whether Plaintiffs' mortgage is a purchase money loan or a
8  refinance. Plaintiffs' statement in the original complaint strongly suggests that it is a loan used
9  for the initial purchase of the property. Further, there is no case support for the proposition that
10 providing TILA disclosures in a transaction exempt under 15 U.S.C. §1635(e) waives that
11 exemption from rescission. Therefore, this cause of action is dismissed with leave to amend to
12 allow Plaintiffs the chance to clarify the circumstances surrounding their mortgage.

**B. Real Estate Settlement Practices Act**

15      RESPA was enacted in order to bring about: (1) more effective advance disclosure to
16 home buyers and sellers of settlement costs; (2) the elimination of kickbacks or referral fees that
17 tend to increase unnecessarily the costs of certain settlement services; (3) a reduction in the
18 amounts home buyers are required to place in escrow accounts established to insure the payment
19 of real estate taxes and insurance; and (4) significant reform and modernization of local record-
20 keeping of land title information. 12 U.S.C. § 2601(b). Plaintiffs allege that Defendants violated
21 RESPA by failing to make a number of disclosures and charging improper fees; Plaintiffs do not
22 identify the specific RESPA provisions Defendants violated. "Any action pursuant to the
23 provisions of [12 U.S.C. §§2605, 2607, or 2608] may be brought in the United States district
24 court or in any other court of competent jurisdiction, for the district in which the property
25 involved is located, or where the violation is alleged to have occurred, within 3 years in the case
26 of a violation of [12 U.S.C. §2605] and 1 year in the case of a violation of [12 U.S.C. §§2607 or
27 2608] from the date of the occurrence of the violation." 12 U.S.C. §2614. For RESPA, the
28 statute of limitation runs from the date of the mortgage is signed. Snow v. First Am. Title Ins.

Co., 332 F.3d 356, 359 (5th Cir. 2003).  There is no RESPA private right of action for violations of 12 U.S.C. §2604. Mamerto v. Deutsche Bank Nat'l Trust Co., 2009 U.S. Dist. LEXIS 46988 (S.D. Cal. June 4, 2009); Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997).

As previously discussed, the one year statute of limitations ran out on October 26, 2007, well before Plaintiffs filed suit on April 14, 2009.  Plaintiffs must rely on the provisions of 12 U.S.C. §2605 for the three year statute of limitations.  Section 2605 requires, among other things, "Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. §2605(b)(1).  Plaintiffs accuse Defendants of "Failing to inform the borrower of defendant's intention to transfer the servicing of the loan and/or failing to inform the borrower(s) of the actual transfer within fifteen (15) days before the effective date of the transfer, pursuant to Regulation x §3500.17(e). Doc. 14, FAC, at 11:7-10.  However, Plaintiffs do not actually allege that there was any transfer of the servicing of the loan, nor is there any indication that such a transfer occurred.  Plaintiffs fail to state a claim under 12 U.S.C. §2605.  Plaintiffs RESPA claims are dismissed with leave to amend.

**C. Fair Housing Act**

Plaintiffs allege Defendants "discriminated against them on the basis of their race, ethnicity and/or national origin in the terms and conditions of the ARM Note loan. Specifically, the terms and condition offered to Plaintiffs were less favorable than those offered by COUNTRYWIDE to similarly situated white borrowers who were not better qualified for their loans, but who were of a different race, ethnicity and/or national origin." Doc. 14, FAC, at 12:6-10.  The Fair Housing Act states "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. §3601(a).  "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of

an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this title, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach." 42 U.S.C. §3613(a)(1)(A). For Fair Housing Act claims dealing with discriminatory terms and conditions of a mortgage, the statute of limitations runs from the time the mortgage was signed. See, e.g. Prawoto v. PrimeLending, 2010 U.S. Dist. LEXIS 74468, *31 (C.D. Cal. Apr. 30, 2010); Hernandez v. Sutter West Capital, 2010 U.S. Dist. LEXIS 88109, *9 (N.D. Cal. Aug. 26, 2010); Davenport v. Litton Loan Servicing, LP, 2010 U.S. Dist. LEXIS 71561, *19 (N.D. Cal. July 16, 2010); Lyons v. First Am. Title Ins. Co., 2009 U.S. Dist. LEXIS 119859, *12-13 (N.D. Cal. Dec. 22, 2009); Robinson v. Argent Mortg. Co., LLC, 2009 U.S. Dist. LEXIS 93436, *4 (N.D. Cal. Oct. 6, 2009); Uribe v. Countrywide Fin., 2009 U.S. Dist. LEXIS 57934, *18 (S.D. Cal. July 7, 2009) Goodwin v. Exec. Trustess Servs., LLC, 680 F. Supp. 2d 1244, 1251 (D. Nev. 2010); Cervantes v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 87997, *21 (D. Ariz. Sept. 23, 2009); contra Taylor v. Accredited Home Lenders, Inc., 580 F. Supp. 2d 1062, 1066 (S.D. Cal. 2008). The two year limitations period ran out on October 26, 2008. Plaintiffs' Fair Housing Act claim is dismissed with leave to amend to allege facts that support the application of equitable tolling.

**D. Equal Credit Opportunity Act**

Plaintiffs allege Defendants "discriminated against them on the basis of their race, ethnicity and/or national origin in the terms and conditions of the loans. Specifically, the terms and condition offered to Plaintiffs were less favorable than those offered by COUNTRYWIDE to similarly situated white borrowers who were not better qualified for their loans, but who were of a different race, ethnicity and/or national origin." Doc. 14, FAC, at 12:27-13:3. "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction- (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. §1691(a). "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall

be brought later than two years from the date of the occurrence of the violation." 15 U.S.C. §1691e(f).  The limitations period ran out on October 26, 2008.  Plaintiffs' Equal Credit Opportunity Act claim is dismissed with leave to amend to allege facts that support the application of equitable tolling.

**E. Unruh Act**

Plaintiffs allege Defendants "discriminated against them on the basis of their race, ethnicity and/or national origin in the terms and conditions of the loans. Specifically, the terms and conditions offered to Plaintiffs were less favorable than those offered by COUNTRYWIDE to similarly situated white borrowers who were not better qualified for their loans, but who were of a different race, ethnicity and/or national origin." Doc. 14, FAC, at 13:15-19.  "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code §51(b).  "The Unruh Act seeks to protect against personal injury" and the personal injury statute of limitation applies. Mitchell v. Sung, 816 F. Supp. 597, 602 (N.D. Cal. 1993).  California's statute of limitation for personal injury is two years. Cal. Code. Civ. Proc. §335.1.  The limitations period ran out on October 26, 2008.  Plaintiffs' Unruh Act claim is dismissed with leave to amend to allege facts that support the application of equitable tolling.

**F. Cal. Civ. Code §1632**

Plaintiffs allege a violation of Cal. Civ. Code §1632 as they were not provided a suitable translation of documents. Doc. 14, FAC, at 14:9-19.

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement....(2) A loan or extension of credit secured other than by real property, or unsecured, for use primarily for personal, family or household

10

purposes.

Cal. Civ. Code §1632(b). There is no statutory requirement that any documents be provided in Persian. Plaintiffs have not alleged that they negotiated the mortgage in any of the five specified languages. Further, the provision does not apply to home mortgages. Plaintiffs' Cal. Civ. Code §1632 claim is dismissed without leave to amend.

**G. Fraud**

Plaintiffs allege Defendants "attempted to defraud the Plaintiff in the following ways: a. Failing to provide the required disclosure documents such as TILDS, HUD-1, or the Right to Cancel (¶19); and b. Failing to provide any of the loan documents in Persian, the language the loans were negotiated in." Doc. 14, FAC, at 15:1-6. "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (Cal. 2004). Fed. R. Civ. Proc. 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct...so that they can defend against the charge and not just deny that they have done anything wrong." Although the substantive elements of fraud may be set by state law, those elements must be pled in accordance with the requirements of Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

Plaintiffs' allegations that Defendants fraudulently failed to disclose a number of documents required under TILA and RESPA are an attempt to revive time barred federal claims. "Plaintiffs cannot pursue an otherwise time-barred TILA claim by recasting it as a state law claim

which carries a longer statute of limitations, as in the case of fraud." Newson v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 49617, *33 (N.D. Cal. May 17, 2010), citing Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1007 n.3 (9th Cir. 2008).  Additionally, Plaintiffs' simple statement that lenders failed to provide documents in a specific language does not meet the Rule 9(b) standard. Kozhayev v. America's Wholesale Lender, 2010 U.S. Dist. LEXIS 77553, *17-18 (E.D. Cal. July 30, 2010).  Plaintiff's fraud claim is dismissed with leave to amend.

**H. Unfair Competition Law**

Plaintiffs allege Defendants have undertaken "unlawful business practices in the State of California within the meaning of section 17200 by offering and making loans to Plaintiffs and other borrowers of Iranian ethnicity and/or national origin on terms less favorable than those offered to similarly situated white borrowers of the white race, ethnicity and/or national origin." Doc. 14, FAC, at 17:14-18. "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code §17200.  Plaintiffs only cite to the "unlawful" prong of the law and not the "unfair" or "fraudulent" prongs. "In essence, an action based on Business and Professions Code §17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (Cal. 1992).  In other words, a "defendant cannot be liable under §17200 for committing 'unlawful business practices' without having violated another law." Ingles v. Westwood One Broadcasting Servs., Inc., 129 Cal. App. 4th 1050, 1060 (Cal. Ct. App. 2005). All of Plaintiffs' other claims are being dismissed.  "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir.2000), Plaintiffs' Unfair Competition Law claim is dismissed with leave to amend.

**I. Covenant of Good Faith and Fair Dealing**

Plaintiffs allege Defendants "breached the implied covenant of good faith and fair dealing by, among other things: making unclear, inconspicuous, misleading and/or deceptive statements and disclosures to Plaintiffs; padding the closing costs of the ARM Note loan by increasing the costs of services above their market value as a way of charging Plaintiffs a higher interest rate,; failing to provide Plaintiffs with Iranian-language translations of the ARM Note and accompanying disclosure statements, even though the transaction was negotiated in Persian; and charging excessive, duplicative, and hidden closing costs and fees." Doc. 14, FAC, at 18:18-25.

"Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.' Thus, the implied covenant tort is not available to parties in an ordinary commercial transaction where the parties deal at arms' length." Pension Trust Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002), citations omitted.  California courts do not invoke a special relationship between a lender and borrower. Oaks Management Corp. v. Superior Court,145 Cal. App. 4th 453, 466 (Cal. Ct. App. 2006); Kim v. Sumitomo Bank, 17 Cal. App. 4th 974, 979 (Cal. Ct. App. 1993).   A loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender absent special circumstances with "fiduciary characteristics." Union Bank v. Superior Court, 31 Cal.App.4th 573, 579 n. 2 (1995).  Plaintiffs do not allege facts establishing a "special relationship" between Plaintiffs and Defendants that could justify extending tort liability.  Plaintiffs' covenant of good faith and fair dealing claim is dismissed with leave to amend.

**J. Declaratory Relief**

When there is an "actual controversy," courts may "declare the rights and other legal relations" of the parties. 28 U.S.C. §2201.  The standard used to determine whether there is an actual controversy is the same as the "case or controversy" requirement of the U.S. Constitution. Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993).  Because Plaintiffs have failed to state any claims for relief, there is no case or controversy over which declaratory relief may be

granted. Plaintiffs' request for declaratory relief is dismissed with leave to amend.

### IV. Order

Plaintiffs' First Amended Complaint is DISMISSED with leave to amend all claims excepting the Cal. Civ. Code §1632 claim. Plaintiffs must file an amended complaint within forty-two (42) days of the filing of this order. If no amended complaint or other filing from Plaintiffs is received within that time, the court will deem the case abandoned and convert the dismissal to one with prejudice under Fed. R. Civ. Proc. 41(b).

IT IS SO ORDERED.

Dated:   September 29, 2010

CHIEF UNITED STATES DISTRICT JUDGE