UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES POOLIS and CARMEN POOLIS, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTRYWIDE, N.A., a New York corporation; REMAX PROPERTIES WEST dba WEST COAST FINANCIAL, a California corporation; BANK OF AMERICA, N.A., a Delaware Corporation; COUNTRYWIDE BANK, N.A., a California Corporation and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CIV-F-09-0669 AWI DLB<br><br>ORDER DISMISSING CASE |

**I. History**

　　Plaintiffs Charles and Carmen Poolis lived at 1601 Georgetown Avenue, in Turlock, CA. On October 25, 2006, Plaintiffs obtained an adjustable rate mortgage on that property from Defendant Countrywide Bank that was brokered by Defendant Remax Properties West. Plaintiffs represent that there is a threat of foreclosure on the mortgage.

　　Plaintiffs filed suit against Defendants Countrywide and ReMax Properties West on April 14, 2009, alleging a number of causes of action related to the procedures by which the mortgage was negotiated and executed. Doc. 1. Plaintiffs filed a first amended complaint on September

1

18, 2009. Doc. 14.  Defendants filed motions to dismiss.  Plaintiffs were represented by attorney, Timothy Thurman.  It came to light that Mr. Thurman resigned from the California State Bar on November 2, 2009.  Plaintiffs, on their own behalf, filed a motion stating, "To this date I have no knowledge of what the contents and basis of this case are....I am asking the honorable Judge to postpone/halt any action taken against us by the Bank and give us more time to find out: A) what the details of such litigation [are] and what they are based on?? B) To give me enough time to consult with an attorney in the Fresno area C) If there is an eviction notice prepare my family for a move if not successful in negotiating with the bank." Doc. 25.  Plaintiff Charles Poolis filed a notice of change of address on June 24, 2010. Doc. 28.  To give Plaintiffs an opportunity to respond to the motions to dismiss, a new hearing was set for August 9, 2010.  Plaintiffs failed to file either an opposition or a notice of non-opposition.

By order of September 29, 2010, Plaintiffs' complaint was dismissed without prejudice. In order to give Plaintiffs a last chance to pursue this case, they were given forty two days to file an amended complaint. Doc. 31.  Plaintiffs were specifically warned that failure to do so would result in a finding that the case is abandoned and conversion of the dismissal to one with prejudice under Fed. Rule Civ. Proc. 41(b).  Plaintiffs have neither filed an amended complaint or communicated with the court in any way.

**II. Legal Standards**

A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge

to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

### III. Discussion

Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate. This suit can not proceed without the participation of Plaintiffs. "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). No opposition or notice of non-opposition to Defendants' motions to dismiss were filed. The court's last substantive communication from Plaintiffs was on January 25, 2010. The last contact was a notice of change of address on June 24, 2010. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). In this case, Plaintiffs have provided no explanation for the lack of prosecution. The court has taken affirmative steps to solicit Plaintiffs' participation and specifically warned that failure to respond would result in dismissal with prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Allen v. Bayer Corp., 460 F.3d 1217, 1229 (9th Cir. 2006). Dealing with the case on its merits is impossible without the cooperation of Plaintiffs.

### IV. Order

Accordingly, this action is DISMISSED with prejudice for Plaintiff's failure to prosecute. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   December 22, 2010                              _____
                                                         CHIEF UNITED STATES DISTRICT JUDGE